**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4864

UNITED STATES OF AMERICA,

                              Plaintiff - Appellee,

        versus

WILLIAM BUTLER CRAWFORD,

                              Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. James C. Cacheris, Senior District Judge, sitting by designation. (CR-02-235)

Submitted:  July 29, 2005          Decided:  August 9, 2005

Before NIEMEYER and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Randolph Marshall Lee, LAW OFFICES OF RANDOLPH MARSHALL LEE, Charlotte, North Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, Karen S. Marston, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

William Butler Crawford appeals his jury conviction of using and carrying a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c) (2000). Crawford asserts there was insufficient evidence presented at trial to sustain his § 924(c) conviction. We affirm.

To determine if there was sufficient evidence to support a conviction, this court considers whether, taking the evidence in the light most favorable to the Government, substantial evidence supports the jury's verdict. United States v. Wills, 346 F.3d 476, 495 (4th Cir. 2003), cert. denied, 124 S. Ct. 2906 (2004). Substantial evidence is defined as "that evidence which 'a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt.'" United States v. Newsome, 322 F.3d 328, 333 (4th Cir. 2003) (quoting United States v. Burgos, 94 F.3d 849, 862-63 (4th Cir. 1996) (en banc)). We review both the direct and circumstantial evidence and permit "the [G]overnment the benefit of all reasonable inferences from the facts proven to those sought to be established." United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982).

In reviewing claims of sufficiency of the evidence, "[t]he relevant question is not whether the appellate court is convinced of guilt beyond a reasonable doubt, but rather whether,

- 2 -

viewing the evidence in the light most favorable to the government, any rational trier of facts could have found the defendant guilty beyond a reasonable doubt.  <u>Tresvant</u>, 677 F.2d at 1021.  Crawford argues that mere possession or presence of a firearm, by itself, does not sustain a conviction under § 924(c).  Under <u>United States v. Lomax</u>, 293 F.3d 701 (4th Cir. 2002), factors that might lead a reasonable trier of fact to conclude the requisite nexus existed between the firearm and the drug offense include:  "'the type of drug activity that is being conducted, accessibility of the firearm, the type of weapon . . . , whether the gun is loaded, proximity to drugs or drug profits, and the time and circumstances under which the gun is found.'"  <u>Id.</u> at 705 (quoting <u>United States v. Ceballos-Torres</u>, 218 F.3d 409, 414-15 (5th Cir. 2000)).  With these standards in mind, we find there was sufficient evidence to support the jury's conclusion that Crawford possessed the firearm in furtherance of his drug trafficking activities.  Accordingly, we affirm his § 924(c) conviction.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>